IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN McCUAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-00605-MJR |
| | ) |
| JUDGE CAMPANELLA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff John McCuan, proceeding *pro se*, seeks a temporary restraining order ("TRO") against thirty-one known and numerous unknown public officials, local merchants, and individuals in Perry County and Williamson County, Illinois. (Doc. 1). Plaintiff claims that these individuals forced him into a life of sexual servitude for more than two decades and recently brought false criminal charges against him, all because of a real estate dispute. (Doc. 1, pp. 1-8).

He now seeks a TRO against them. Specifically, Plaintiff requests dismissal of all criminal charges that are currently pending against him in Perry County, Illinois. (*Id.* at 7). In addition, he seeks an order prohibiting the defendants from coming within 500 yards of him, producing photos or videos of him, withholding money from him, falsifying any complaints or police reports against him, or placing him under electronic surveillance. Because Plaintiff seeks a TRO, the Court will immediately consider his request. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The case is now before the Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). The Court may dismiss the action at any time, if it is frivolous, malicious, or fails

to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has impeded the Court's ability to conduct this review because he has not filed a signed complaint.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In fact, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Without one, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *Id.* Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). In order to proceed with this action, Plaintiff must comply with Rules 3 and 11 by filing a properly signed complaint and, if he wishes, affidavit.

Without either, the Court is unable to fully analyze Plaintiff's request for a TRO. A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Plaintiff's complaint and affidavit are both unsigned and, consequently, form no basis for granting a TRO. The motion for TRO, itself, does not qualify as a "verified complaint" or

affidavit under Rule 65(b)(1)(A). The motion states no claim for relief against a particular defendant. More to the point, the allegations are far from clear and even delusional.

From what the Court can discern, Plaintiff became embroiled in a real estate dispute with officials in Du Quoin, Illinois. This disagreement led to the issuance of charges against him for threatening a public official. According to Plaintiff, the dispute also resulted in far more drastic punishment. Plaintiff alleges that thirty-one known and numerous unknown defendants, some of whom are members of the Leviathan Church (*i.e.*, a satanic cult), used animal tranquilizers to sedate Plaintiff, kidnap him, and rape him repeatedly for more than twenty years. He cannot recall the details. However, Plaintiff appears convinced that he was forced into involuntary servitude as a sex slave and featured in several pornographic films against his will.

After learning that the defendants infected him with syphilis earlier this month, Plaintiff filed the instant motion for TRO in which he seeks dismissal of the pending criminal charges against him. He also seeks an order prohibiting the defendants from contacting him, photographing or videotaping him, withholding money from him, falsifying any complaints or police reports against him, or placing him under electronic surveillance.

Out of an abundance of caution, the Court has considered these allegations and concludes that they provide insufficient grounds for issuing a TRO at this time. The Court will not interfere with Plaintiff's pending state criminal proceedings, absent exceptional circumstances which he does not describe in his motion. *See* 28 U.S.C. § 2283; *Younger v. Harris*, 401 U.S. 37, 54 (1971) (a federal injunction can halt the progress of a pending state criminal proceeding only on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief"). *See also Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993). The Court will also not rely on Plaintiff's vague and seemingly delusional allegations of a twenty-year conspiracy to

grant him relief against the defendants, particularly in the absence of any notice or opportunity to respond.  *See Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989) (recognizing district court's authority "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios").  Plaintiff's motion for TRO is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's request for a TRO (Doc. 1, pp. 1-8) in the complaint is **DENIED**.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 3) shall be addressed in a separate order.

**IT IS FURTHER ORDERED** that, should he wish to pursue this action, Plaintiff must submit a properly signed complaint or, if he chooses, a "First Amended Complaint," including exhibits, within thirty-five (35) days (on or before July 15, 2016).  Either way, he must list this case number on the first page of his pleading, *i.e.*, Case No. 16-cv-605-JPG.  An amended pleading will supersede and replace the original complaint (Doc. 1), rendering the original void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments.  Thus, a "First Amended Complaint" must stand on its own, without reference to any other pleading.  Plaintiff must submit any exhibits and attachments that he wishes the Court to consider along with his amended complaint.  Failure to comply with this order will result in the striking of his complaint and the dismissal of this action.  *See* FED. R. CIV. P. 41(b).  To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to provide Plaintiff with a copy of the complaint (Doc. 1), this order, and a blank civil rights complaint form (non-prisoner) and instructions.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**