IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN McCUAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00605-MJR |
| ) | |
| JUDGE CAMPANELLA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On June 3, 2016, Plaintiff John McCuan filed an unsigned Complaint (Doc. 1) in this Court pursuant to 42 U.S.C. § 1983. In it, he named as defendants thirty-one known and numerous unknown public officials, local merchants, and individuals in Perry and Williamson Counties, Illinois (Doc. 1). Plaintiff claimed that these individuals forced him to live in "sexual servitude" for more than two decades and, in the process, infected him with syphilis. Following a real estate dispute with one or more of these defendants, Plaintiff was charged with several crimes that include threatening a public official. Plaintiff requested injunctive relief, including a temporary restraining order ("TRO") compelling all courts to dismiss any pending criminal charges against Plaintiff (Doc. 1, p. 7).

On June 10, 2016, this Court entered an Order denying Plaintiff's request for a TRO and directing him to submit a properly signed Complaint on or before July 15, 2016 (Doc. 6). Plaintiff filed a signed First Amended Complaint (Doc. 10) on August 15, 2016, after requesting and receiving an extension of the original deadline for doing so. The First Amended Complaint supersedes and replaces the original, rendering the original Complaint (Doc. 1) void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First

Amended Complaint is now before this Court for preliminary review, along with Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") (Doc. 2).

The Court will first address Plaintiff's request to proceed in this action without prepaying the $400.00 filing fee (*see* Doc. 2). At the time he filed his Complaint (Doc. 1), Plaintiff was not a "prisoner"[1] under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(h). A federal district court may nevertheless allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." *See* 28 U.S.C. § 1915(a)(1). Plaintiff has done so in the instant case (Doc. 2).

Under § 1915(e)(2), a court can still deny a qualified plaintiff leave to proceed IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing an application to proceed IFP, a district court should inquire into the merits of the movant's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

---

[1] Under § 1915(h), "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. In his complaint (Doc. 1), Plaintiff listed a private residence as his current address in his Complaint (Doc. 1).

**First Amended Complaint**

Plaintiff's First Amended Complaint is clearly frivolous (Doc. 1, 1-2). In it, he names fifty-three known defendants as well as an "undetermined number of John Doe and Jane Doe Defendants" (Doc. 10, pp. 1-3). The known defendants include an impressive list of Hollywood actors and actresses,[2] private citizens, state officials, and a satanic cult. He fails to mention most of them in the First Amended Complaint, often focusing instead on the conduct of individuals who are not named as defendants.

Plaintiff describes events dating back to 1983, when he met Debbie Sharow in Long Island, New York. Sharow allegedly said that she wanted to "punk [him] out" (Doc. 10-2, p. 1). Plaintiff had no idea what this meant, until Sharow and other members of the Leviathan Church, a satanic cult, drugged and abused Plaintiff in numerous states that include Illinois. For more than thirty years, these cult members regularly drugged Plaintiff, forced him to sign contracts, sexually assaulted him, and took his money (*id*. at 4).

Plaintiff claims that officials in Williamson and Perry Counties were involved in this conspiracy. To silence Plaintiff, they charged him with crimes that resulted in his incarceration at various times during the past thirty-three years. While incarcerated, Plaintiff alleges that he was repeatedly drugged, raped, and videotaped by officials who are not named as defendants in this action. These videotapes were released to undisclosed individuals. Plaintiff has viewed them on cable television (*id*).

Plaintiff goes on to allege, tangentially, that Shannen Doherty, a star of the hit television series *90210*, repeatedly visited his parents' home in 2003. Doherty demanded that Plaintiff

---

[2] Among others, Plaintiff named Brad Pitt, Angelina Jolie, Mel Gibson, Johnny Depp, Alysa Milano, Shannen Doherty, and Jim Carry as defendants (Doc. 10, p. 1-3). The allegations only mention Shannen Doherty.

assassinate President George W. Bush, Jr. because he would not legalize gay marriage. Plaintiff claims that Doherty made this demand of him on three separate occasions.

In 2004, Plaintiff was taken into custody for an undisclosed period of time. He was allegedly drugged, assaulted, and subjected to threats on his life by officials at Williamson County Jail. Plaintiff does not identify these individuals (even in generic terms) or name them as defendants in this action.

Following his release, Sharow again found Plaintiff and subjected him to another decade of involuntary sexual servitude. Beginning in 2013 or 2014, Plaintiff alleges that members of the Leviathan Church and local law enforcement officials began pressuring Plaintiff to "sign over deeds to [his] house and property" while also forcing him to make gay porn (*id*. at 11-12). When he refused, Plaintiff was charged with threatening a public official in Perry County, Illinois. The instant action followed.

Plaintiff seeks monetary damages and injunctive relief against the defendants. He seeks an order dismissing all charges now pending against him and an order restraining defendants from taking his property or coming within 5,000 yards of him.

## Discussion

The First Amended Complaint is clearly frivolous. For this reason, Plaintiff's IFP motion shall be denied. The First Amended Complaint shall also be dismissed.

Section 1915 (the IFP statute) "does not require a judge to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 Fed. Appx. 476, 477 (7th Cir. 2013) (citing *Neitzke*, 490 U.S. at 327-28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)). A finding of frivolousness is warranted, if the Court concludes that the

allegations lack "any arguable basis in fact." *Id*. (citing *Neitzke*, 490 U.S. at 329-30; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002)). Further, the Court is not required to grant leave to amend a frivolous complaint where doing so would be futile. *Id*.

The Seventh Circuit has clarified that a dismissal for frivolousness is "qualitatively different" than a dismissal for failure to state a claim. *Holland*, 503 Fed. Appx. At 477. A dismissal for failure to state a claim requires a judge to "accept all factual allegations as true." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In contrast, the IFP statute does not require a judge to accept allegations that are clearly divorced from reality. *Id*.

Having reviewed and considered the allegations set forth in the First Amended Complaint (Doc. 10), as well as the corresponding memoranda (Docs. 10-1, 10-2), the Court concludes that Plaintiff's allegations are, quite obviously, fantastic and delusional. Plaintiff's long list of defendants includes numerous Hollywood celebrities and a satanic cult, along with law enforcement officials and members of the judiciary. He alleges that all of them were involved in a conspiracy to drug him, sexually assault him, and take his property. However, he fails to mention most of them in his statement of claim, instead naming numerous other individuals who are not parties to this action.

Plaintiff's anecdote about Shannen Doherty exemplifies the Court's point. His assertion that Shannen Doherty visited his parents' home (not once, but three times) in 2003 is, standing alone, a fantastic statement. The allegation that she also attempted to coerce Plaintiff into assassinating the President of the United States is delusional, not to mention deeply disturbing. This is just one of several fantastic stories Plaintiff includes in his First Amended Complaint.

Plaintiff goes on to describe more than thirty years of "involuntary sexual servitude." He describes everything from forced acupuncture to incidents that he admits being *unable* to recall.

Plaintiff's request for relief then veers in any entirely different direction. He asks the Court to issue an order prohibiting defendants from interfering with his real and personal property. He also seeks dismissal of charges that are now pending against him, including charges that he threatened a public official.

When viewed in its entirety, the First Amended Complaint consists of little more than a series of "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 325. As the Supreme Court made clear in *Neitzke*, the frivolousness standard "embraces not only the inarguable legal conclusion" but also "fanciful factual allegations." *Id*. Plaintiff's First Amended Complaint is frivolous under this standard. Accordingly, Plaintiff's IFP motion shall be denied, and the First Amended Complaint dismissed with prejudice.

### Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 3) is hereby **DENIED**. The First Amended Complaint is clearly frivolous, and the recruitment of an attorney could not save Plaintiff's claims.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 10) does not survive review under 28 U.S.C. § 1915(e)(2) and is hereby **DISMISSED** with prejudice because it is frivolous. All defendants are **DISMISSED** from the action with prejudice.

**IT IS FURTHER ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**. Plaintiff's obligation to pay the filing fee for this action was incurred at the time he filed the action, thus the filing fee of $400.00 remains due and payable regardless of later developments, such as the instant denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1) & (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: October 26, 2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**